Eastern District of Kentucky
FILED

MAR 29 2010

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 09-39-HRW

IN RE JACKIE BAILEY and PEGGY BAILEY

SALYERSVILLE NATIONAL BANK,                      APPELLANT,

v.         **MEMORANDUM OPINION AND ORDER**

JACKIE BAILEY and PEGGY BAILEY,                  APPELLEES.

This matter is before the Court upon Salyersville National Bank's appeal from a decision of the United States Bankruptcy Court which voids a Reaffirmation Agreement under which Jackie and Peggy Bailey signed a new promise to pay the bank for existing secured loans on their home and Chevy truck. This matter has been fully briefed by the parties [Docket Nos. 11, 14 and 15]. The Court, having reviewed the record and being otherwise sufficiently advised, hereby affirms the decision of the Bankruptcy Court in part and remands the matter for further proceedings.

I.      BACKGROUND

The pertinent facts are as follows. On October 24, 2001, Jackie and Peggy

Bailey signed a promissory not to Salyersville National Bank (hereinafter "SNB") in the principal sum of $157,291.77 relating to certain real property, including their residence. On the same day, the Baileys also signed a mortgage pledging their interest in this property to SNB to secure the promissory note. The mortgage was recorded on November 20, 2001.

The Baileys executed another promissory note and security agreement to SNB on January 27, 2004, in the principal sum of $15, 870.00 and pledged as security their interest in a 1998 Chevrolet pickup truck. No title documents were produced by SNB during the course of the bankruptcy proceedings.

On January 10, 2005, the Baileys filed a petition in Morgan Circuit Court for the dissolution of their marriage. According to the sworn petition, they had been living apart since the previous March.

The Baileys filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2005. In their petition, they stated that both resided at 4766 Highway 364 in West Liberty, Kentucky. The petition listed SNB as a secured creditor holding a first mortgage on the aforementioned real property and having a first lien in the 1998 Chevrolet pickup. They made no claim for exemption for either item.

On June 22, 2005 the parties entered into the Reaffirmation Agreement which is the basis for this appeal. The agreement restates the Bailey's obligation to SNB on the notes elating to the real estate and the pickup truck. The balance reaffirmed on the real estate loan was $154,909.14 and on the vehicle loan was $13,376.32.

Prior to filing the reaffirmation Agreement, on August 3, 2005, the Baileys filed a Post-Nuptial and Separation Agreement wherein Jackie Bailey would retain the real property in question and pickup truck as his separate property and he would pay Peggy Bailey $15,000.00 to relinquish her claim in the same. The Bailey's divorce was decreed final in November 2005.

Also in November 2005, the Trustee filed an Adversary Proceeding challenging the perfection of SNB's recorded real estate mortgage. No trial was conducted on the Trustee's action to avoid SNB's mortgage. Rather, an Agreed Judgment was entered on February 7, 2006 allowing for an auction of the property and providing that if SNB should be the highest cash bidder, the Trustee's claim would be dismissed with prejudice and the mortgage would remain in effect.

SNB was the prevailing bidder at auction and paid the Trustee $96,600.00 cash. The closing occurred on May 3, 2006. The Baileys remained in possession of the property for approximately sixty days thereafter.

3

In August, the bank sold the property to a third party and bank filed an unsecured deficiency claim pertaining to the property.

In September 2006, SNB filed an amended proof of claim as to the property which was ultimately allowed as a general unsecured claim by order entered by the Bankruptcy Court on December 12, 2006.

Just short of a year following the auction of the real property, on April 25, 2007, their Discharge Order from the Bankruptcy Court. The case was closed on December 13, 2007.

With regard to the pickup, the Trustee's amended report of June 21, 2007 reflects that the estate abandoned its interest in the vehicle. At some point, the Baileys notified the Trustee that the truck had been stolen.

On January 10, 2008, SNB instigated a civil suit against the Baileys in Magoffin Circuit Court seeking the balance owing on both the real property and the pickup truck. The Baileys filed a motion with the Bankruptcy Court, asking that their case be reopened and seeking a declaration that the Reaffirmation Agreement is unenforceable.

A trial as convened on February 27, 2009. By Memorandum Opinion and Order and Judgment entered on April 9, 2009, United States Bankruptcy Judge Joseph M. Scott ruled that the Reaffirmation Agreement was void [Docket No. 1-

4

3]. He concluded that the bank's claim as to the real property was not secured and that the bank's claim as to the vehicle was not perfected. Thus, he reasoned that at the time of the Reaffirmation Agreement, the parties acted under mutual mistake that the bank had enforceable liens and that their mutual mistake voided the agreement.

In its appeal, SNB argues that Judge Scott's ruling is based upon an erroneous finding that the bank did not hold a valid lien on the subject vehicle and upon an erroneous legal conclusion that the bank's real estate mortgage was not enforceable against the Baileys. SNB maintains that based upon these errors, the Bankruptcy Court reached additional erroneous conclusions that the Reaffirmation could be voided pursuant to state law principles of failure of consideration, mutual mistake, frustration of purpose and breach of contract.

In addition to its briefs submitted herein, SNB has filed a Motion for Relief from Final Judgment of Bankruptcy Court with regard to the pickup truck. SNB argues that although it was unable to obtain proof of the bank's perfected lien during the bankruptcy action, it has since received such proof from the Kentucky Transportation Cabinet. Thus, SNB contends that the portion of the Baileys Complaint pertaining to the pickup truck should be dismissed and the Judge Scott's opinion amended accordingly.

## II. STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's conclusions of law de novo and upholds its findings of fact unless they are clearly erroneous. *See, In re 255 Park Plaza Assocs. Ltd. P'ship*, 100 F.3d 1214, 1216 (6th Cir. 1996). "De novo review requires the [reviewer] to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998). "De novo means deciding the issue as if it had not been heard before." *Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 663 (B.A.P. 6th Cir. 1998). Whether proof of a claim is facially defective and, therefore, unentitled to a presumption of prima facie validity is a question of law subject to de novo review. *See, First National Bank v. Circle J Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 299 (W.D. Ark. 1989).

## III. ANALYSIS

The Court will first address the issue of SNB's interest in the 1998 Chevrolet pickup. The Bankruptcy Court found the bank did not hold a valid perfected security interest in the same. In support of this finding, Judge Scott noted that the record was devoid of any proof in this regard. SNB had not produced a title to the vehicle which noted its lien. Therefore, he held that the Reaffirmation Agreement was not enforceable as to the truck as it was based upon

6

the mutual mistake of the parties' that SNB had an enforceable interest in the vehicle.

SNB challenges this finding pursuant to Federal Bankruptcy Rule 9024. It argues that the documentation obtained from the Kentucky Transportation Cabinet after Judge Scott entered his memorandum opinion warrants relief from his judgment as it pertains to the truck.

Federal Rule of Civil Procedure 60, which is applicable to bankruptcy litigation via Bankruptcy Rule 9024, permits a party to seek relief from a judgment on the grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed.R.Civ.P. 60(b)(2). In the Sixth Circuit, courts must apply Rule 60(b) "equitably and liberally ... to achieve substantial justice." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir.1983). The court also must use its discretion in vacating a judgment based upon the public policy favoring the finality of judgments. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992). *See also, In re Chess*, 268 B.R. 150 (W.D. Tenn., 2001).

SNB states that it attempted but was unable to obtain the pertinent records before the trial of this matter or within ten days of Judge Scott's opinion. However, there is nothing in the record which demonstrates this, by affidavit or

7

other sworn instrument, nor does SNB describe, with specificity, its efforts in this regard. In other words, SNB's exercise of "reasonable diligence" is not apparent. However, should it be established that SNB's was, in fact, diligent in attempting to procure the needed documentation and should the subject document be adjudged to be authentic, it would appear that the bank's interest in the truck is valid. A remand to the Bankruptcy Court is in order for further development of the record as it pertains to the truck.

As for the real estate, Judge Scott ruled that the reaffirmation agreement was not enforceable. This Court agrees.

A reaffirmation agreement is a contract.[1] As a contract, conventional contract principles apply to the interpretation of a reaffirmation agreement. Among these principles is the notion of mutual mistake. If the parties assumed a certain state of facts existed and contracted based upon that assumption and the assumption is shown to be erroneous, they should be relieved of their bargain. *See e.g. Hatfield v. Blair*, 2006 WL 572922 (Ky.App. 2006).

In this case, as part of the Chapter 7 matter, it was determined that SNB was

---

[1] Reaffirmation agreements are neither unusual or complex. Before entering into the reaffirmation agreement, a debtor is entitled to discharge the prepetition liability to the creditor and to be free of personal obligation to the creditor. In turn, the creditor, after expiration of the stay, has its original lien rights and, if its contract or state law so provides, the creditor can take possession of the collateral and realize upon its lien.

8

an unsecured creditor as against the bankruptcy estate as to the real property. An unsecured lien was not the bargained for basis of the Reaffirmation Agreement. Rather, the parties believed they were entering into an agreement based upon an enforceable lien. The record shows this to be incorrect; in other words, it was a mutual mistake among the parties.

A bankruptcy matter from the United States District Bankruptcy Court in Tennessee is instructive. The question before the court in *In re Mandrell* was the effect of a reaffirmation agreement between a debtor and a creditor holding a voidable security interest. *In re Mandrell*, 50 B.R. 593 (Bankr. Tenn. 1985). The subject of the reaffirmation agreement was a 1982 Ford Escort and a security interest it purportedly held by Ford Motor Credit Company (hereinafter "FMCC"). When the debtor filed a Chapter 7 petition, the car became property of the estate, subject to the avoidable security interest of FMCC. At the time the reaffirmation agreement was approved, the estate's interest in the car was superior to that of FMCC though judicial recognition of that fact came later. Technically, at the time of reaffirmation, FMCC gave as consideration for the debtor's new promise of personal liability its agreement to forebear from enforcement of a lien right which it could not enforce because of the intervention of the estate's rights. Though unknown to the debtor or FMCC, the debtor received nothing of value from

FMCC. *Id.* at 596. At the time of reaffirmation, the debtor and FMCC labored under the mutual mistake of fact that FMCC had an enforceable lien against the debtor's car. Therefore, the court rescinded the agreement. *Id.*

As in *In re Mandrell*, there was nothing of real value with which to bind the parties in this case.

However, SNB maintains that it was a secured creditor. Yet, there is testimony from the bank that loan became unsecured and that the bank received proceeds from the estate as an unsecured creditor. Simply put, SNB cannot have it both ways. The debt was unsecured, regardless of the bank's cries to the contrary. As Judge Scott remarked, "[i]t defies logic to believe that the Debtors would reaffirm these debts if they knew that the liens would not be secured" [Docket No. 1-4, p.11].

## IV. CONCLUSION

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Motion for Relief from Final Judgment of Bankruptcy Court [Docket No. 9] be **OVERRULED**.

Further, the Court hereby **AFFIRMS** decision of the Bankruptcy Court in part and **REMANDS** this matter for further proceedings consistent with this opinion.

A separate judgment shall issue this day in conformity with the Court's Memorandum Opinion.

This March 29 2010.

Signed By:
**Henry R Wilhoit Jr.**
**United States District Judge**